UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MACEO JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-1727 (ESH) |
| | ) |
| EDWARD F. REILLY, JR. *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff, a District of Columbia prisoner confined at the McCreary United States Penitentiary in Pine Knot, Kentucky, sues the Chair of the United States Parole Commission, USPC Commissioners and two USPC employees for allegedly applying the wrong parole guidelines to his parole eligibility date. In doing so, plaintiff claims that defendants violated the Constitution's *ex post facto* and due process clauses. Defendants move to dismiss the complaint. Upon consideration of the parties' submissions, the Court will grant defendants' motion to dismiss.

### I. BACKGROUND

Plaintiff alleges that the Superior Court of the District of Columbia sentenced him on August 30, 1984, to a prison term of fifteen years to life. (Compl. ¶ 13.) In June 1989, "federal staff employee(s)" told plaintiff that he would be eligible for parole after serving a minimum of ten years. (*Id*. ¶ 15.) By letter of February 21, 2006, plaintiff applied for parole but was informed that he was not eligible for parole until March 30, 2021; an initial parole hearing was

scheduled for June 2020. (*Id*. ¶ 18.) Plaintiff initiated this action on September 11, 2009. He seeks (1) to compel BOP to review his parole eligibility date under parole guidelines in effect in 1976, 1987, 1991 and 1993, (2) his release from 26 years' imprisonment and (3) monetary damages. (*Id*. at 11-12.)

## II. DISCUSSION

Plaintiff claims that defendants erroneously applied USPC parole guidelines in effect in 2000 "to deny [his] request for parole [which] increased the risk [he] would have to serve a long[er] period of imprisonment th[an] he would have" under earlier guidelines. (Compl. ¶ 24.) He also claims that defendants "deprived [him] of the right to a parole hearing that have [sic] been afforded to other D.C. prisoners prior to [his] request for initial hearing." (*Id*. ¶ 18.)

The crux of plaintiff's argument is that under District of Columbia law, he became eligible for parole after serving ten years of his sentence,[1] but he also suggests that he is eligible for parole in March 2016. *See* Compl. ¶ 20. An initial parole hearing should occur no more than nine months prior to a D.C. prisoner's parole eligibility date. *See* 28 C.F.R. § 2.82(a) ("[a]n effective date of parole may be granted up to nine months from the [hearing] date"). Thus, even by plaintiff's calculation, he has yet to qualify for a parole hearing to which any set of guidelines would apply to determine his suitability for parole. *See Sellmon v. Reilly*, 551 F. Supp. 2d 66, 69 n.4 (D.D.C. 2008) (clarifying that parole "suitability [not parole eligibility] is determined primarily either by guidelines or regulations promulgated by the paroling authority pursuant to statute") (citation and internal quotation marks omitted).

---

[1] Defendants have shown that plaintiff mistakenly relies on federal parole provisions that are inapplicable to D.C. Code offenders. *See* Defs.'Mem. at 9 n.2; Decl. of J.R. Johnson [Dkt. No. 18-1] ¶ 11 & Attachs. 8-9 (Program Statement 5880.32).

Plaintiff's dispute with his parole eligibility date lies not with the named defendants of the Parole Commission but rather with the non-party Bureau of Prisons, insofar as the Commission "relies on the BOP for computing sentences for parole-eligible prisoners . . . including the calculation of parole eligibility dates. . . ." Defs.' Mem. at 9; *see generally* Decl. of J.R. Johnson, Correctional Programs Specialist at BOP's Designation and Sentence Computation Center (calculating plaintiff's sentence); *U.S. v. Wilson*, 503 U.S. 329, 331-333 (1992) (agreeing "that it is the Attorney General [through BOP] who computes the amount of [] credit after the defendant begins his sentence").

A challenge to BOP's sentence calculation must proceed via a petition for a writ of habeas corpus in the judicial district of the immediate custodian, namely the petitioner's warden. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]") (citation omitted); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); accord *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted). Plaintiff cannot recover monetary damages without first securing habeas relief. *See Skinner* v. *U.S. Dep't of Justice*, 584 F.3d 1093, 1097-1101 (D.C. Cir. 2009) (affirming the dismissal of a damages claim where the plaintiff had not "first secure[d] relief through a writ of habeas corpus"). Because plaintiff is not incarcerated in the District of Columbia, this Court

lacks jurisdiction to entertain any habeas claims he may press. It therefore will dismiss the case.

A separate Order accompanies this Memorandum Opinion.


_____/s/_____
ELLEN SEGAL HUVELLE
DATE: July 19, 2010                            United States District Judge